593 N.W.2d 728 (1999)
256 Neb. 896
Loren ACKERMAN, Appellant,
v.
NEBRASKA DEPARTMENT OF CORRECTIONS APPEALS BOARD et al., Appellees.
No. A-99-029.
Supreme Court of Nebraska.
May 7, 1999.
Loren Ackerman, appellant pro se.
HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.
This matter is before us on a petition for further review filed by Loren Ackerman, appellant. Because we conclude the petition was not timely filed, the petition is dismissed.
On January 29, 1999, the Nebraska Court of Appeals dismissed Ackerman's appeal for lack of jurisdiction. On February 10, Ackerman filed a motion for rehearing. On March 10, the Court of Appeals overruled Ackerman's motion for rehearing as being filed out of time. On March 23, Ackerman filed a second motion for rehearing. On April 13, the Court of Appeals overruled Ackerman's second motion for rehearing as being filed out of time. On March 31, Ackerman filed his petition for further review.
Under Neb.Ct.R. of Prac. 2F(1) (rev. 1996) of the rules of this court, a party may petition for further review by this court, and the petition "must be filed within 30 days after the release of the opinion of the Court *729 of Appeals or the entry of the order of the Court of Appeals finally disposing of the appeal, whichever occurs later." In the instant case, the order finally disposing of the case was the order of dismissal entered on January 29, 1999. The petition for further review filed on March 31 was not filed within 30 days as required under rule 2F(1) and was, therefore, untimely.
We note that Ackerman filed two motions for rehearing. Under Neb.Ct.R. of Prac. 13A (rev.1998), a motion for rehearing "must be filed within 10 days after the release of the opinion of the court or the entry of the order of the court disposing of the appeal." The order of the court disposing of the appeal was entered on January 29, 1999. Ackerman's first motion for rehearing, filed on February 10, was not timely filed with the clerk. The first motion for rehearing was a nullity. An untimely motion for rehearing from a Court of Appeals' decision does not toll the time during which a petition for further review shall be filed with the clerk. Similarly, Ackerman's second motion for rehearing was untimely, a nullity, and did not toll the time during which a petition for further review should be filed, which time began on January 29.
Ackerman's petition for further review is untimely. Accordingly, the petition is dismissed.
PETITION FOR FURTHER REVIEW DISMISSED.